

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

PLASTINATION COMPANY, INC.,
410 Park Avenue
New York, New York 10022

              Plaintiff,

    *vs.*

PREMIER EXHIBITIONS, INC.,
3340 Peachtree Rd. NE, Suite 2250
Atlanta, GA  30326

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **1:05CV0594**

Judge **JUDGE BOYKO**

**COMPLAINT**

JURY DEMAND
ENDORSED HEREON

Now comes the Plaintiff, Plastination Company, Inc. ("Plastination"), by and through counsel, and for its Complaint states as follows, based on its personal knowledge, information or belief:

## PARTIES, JURISDICTION AND VENUE

1.    Plastination, Inc., is a company organized under the laws of Delaware; Premier Exhibitions, Inc. ("Premier") is a corporation organized under the laws of the State of Florida with its principal place of business in Atlanta, Georgia.

2.    Plastination is in the business of negotiating and conducting educational exhibitions, including the display of various sculptural and visual art works and the publication of various materials related thereto, in the United States (the "Body Worlds Exhibition").

3.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and pursuant to 28 U.S.C. §§ 1332 and 1338.

4.    This Court also has jurisdiction under 15 U.S.C. § 1000 *et seq.* (the "Lanham Act") and pursuant to 28 U.S.C. §§ 1332 and 1338.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

6.    Dr. Gunther von Hagens, a German citizen and President of Plastination, developed a technique in 1977 which was subsequently claimed and partially disclosed in several United States patents and further refined over time for preserving human bodies and human body parts by removing or replacing certain body fluids with polymers and/or other proprietary chemicals (the "Plastination Process").

7.    The Plastination Process has been used over the years to create numerous whole-body and partial-body specimens and Dr. von Hagens has licensed to Plastination all copyrights and trademarks associated with the Plastination Process for use in connection with its business in the United States (individually and collectively, as appropriate, the "Body Worlds Works").

8.    The quality, appearance and durability of the whole and partial body specimens preserved according to the Plastination Process, including the Body Worlds Works, allow each specimen to be dissected, positioned and/or displayed in unique and informative positions.

9.    The Body Worlds Exhibit presently includes 22 to 28 Body Worlds Works.  Exhibit A contains representative photographs of some of the Body Worlds Works incorporated into the Body Worlds Exhibition.

10.    Each and every Body Worlds Work contains an original expression of ideas fixed in a tangible medium subject to copyright protection under the Copyright Act.

11.     The Body Worlds Exhibition, when viewed as a collection of copyrightable works, contains an original expression of ideas fixed in a tangible medium subject to copyright protection under the Copyright Act.

12.     The Body Worlds Exhibition includes several works that are so unique and distinctive as to have become "Signature Works" which are readily recognized or associated with the Body Worlds Exhibit.

13.     Certain publications incorporating pictures of the Body Worlds Exhibition and individual Body Worlds Works and Signature Works have been created, copied and distributed and represent derivative works subject to copyright protection under the Copyright Act (the "Body Worlds Publications").

14.     The Body Worlds Exhibition, as defined and used throughout this pleading, includes the Body Worlds Works, the Signature Works and the Body Worlds Publications.

15.     Plastination is the rightful and exclusive licensee of all intellectual property rights in the United States associated with the Body Worlds Exhibition, including the Body Worlds Works, the Signature Works and the Body Worlds Publications.

16.     Since 1996, the Body Worlds Exhibition has been displayed and the Body Worlds Publications have been created, copied and/or distributed at various locations throughout the world, expressly including the United States, thereby garnering considerable international media attention and acclaim for the Body Worlds Exhibition and Plastination. However, for the purposes of the Copyright Act, Plastination avers that all such acts did not first occur in the United States, nor did such acts occur for the first time simultaneously in the United States and a foreign country.

17.     At least as early as August of 2002, Premier employees or representatives met with Dr. von Hagens and representatives of Plastination. Representatives at Premier also sought a license from Dr. von Hagens to display the Body Worlds Exhibition in the U.S., although such a license was not granted.

18.     Upon information and belief, Premier employees or representatives had access to view at least portions of the Body Worlds Exhibition, including the Body Worlds Works, the Signature Works and the Body Worlds Publications, on or before August of 2002.

19.     Upon information and belief, Premier copied, caused to be copied or otherwise knowingly acquired copies of all or significant portions of the Body Worlds Exhibition (jointly and severally including the individual Body Worlds Works and Signature Works) in order to create a competing exhibition, presently being offered for display in the United States under the name *Bodies Revealed.* Exhibit B contains photographs of the individual works in Premier's *Bodies Revealed* exhibition. Plastination expressly reserves the right to amend this pleading and Exhibit C to include further infringing works reproduced, created, published, displayed or derived from the Body Worlds Exhibition, including the Body Worlds Works, the Signature Works or the Body Worlds Publications, as necessary based upon facts established during discovery or otherwise.

20.     Based on information and belief, Premier has created or caused to be created certain publications containing photographs and/or other reproductions of the specimens comprising the *Bodies Revealed* exhibition which have substantial similarity, in whole or in part, to the Body Worlds Exhibition, the Body World Works, the Signature Works and the Body Worlds Publications (the "Premier Publications"). Exhibit C contains representative copies of at least some of the publications comprising the Premier Publications. Plastination expressly reserves

the right to amend this pleading and Exhibit C to include further infringing works reproduced, created, published, displayed or derived from the Body Worlds Exhibition, including the Body Worlds Works, the Signature Works or the Body Worlds Publications, as necessary based upon facts established during discovery or otherwise.

21.     Between August 6, 2004, and October 17, 2004, Premier's *Bodies Revealed* exhibition was displayed in Blackpool, England, in order to generate profits, goodwill and other benefits for Premier.

22.     Premier's *Bodies Revealed* exhibition, as shown in Blackpool, England, comprises numerous individual specimens which each have individual, substantial similarity to at least some of the Body Worlds Works.

23.     Premier's *Bodies Revealed* exhibition, when viewed as a collection of copyrightable works and as shown in Blackpool, England, has substantial similarity to the Body Worlds Exhibition.

24.     The Premier Publications contain text and pictures which have substantial similarities to at least portions of the Body Worlds Exhibition, including the Body Worlds Works, the Signature Works and the Body Worlds Publications.

25.     Based on information and belief, Premier has offered to display Premier's *Bodies Revealed* exhibition, previously shown in Blackpool, England, at various locations in Cleveland, Ohio, including the Great Lakes Science Center ("GLSC"), and elsewhere within the United States in the future in order to generate profits, goodwill and other benefits for Premier.

26.     Upon information and belief, Premier has created, caused to be created, copied, caused to be copied, distributed or caused to be distributed the Premier Publications at various

locations in Cleveland, Ohio, including GLSC, and possibly elsewhere within the United States in the future in order to generate profits, goodwill and other benefits for Premier.

## COUNT I – COPYRIGHT INFRINGEMENT

27.    Plastination restates and re-alleges paragraphs 1-26 as if fully rewritten herein.

28.    Plastination is the rightful, exclusive licensee in the United States of all of the copyrights associated with the Body Worlds Exhibition, jointly and severally including the Body Worlds Works, the Signature Works and the Body Worlds Publications (the "Body Worlds Copyrights").

29.    Premier's actions with respect to its *Bodies Revealed* exhibition and/or the Premier Publications constitute infringement at least some of Body Worlds Copyrights.

30.    Based upon information and belief, Premier has or will continue to publish, distribute or reproduce the Premier Publications in the United States so as to create an imminent threat of future infringement of at least some of the Body Worlds Copyrights.

31.    Based upon information and belief, Premier has or will continue to display or attempt to display its *Bodies Revealed* exhibition, as shown in Blackpool, England, within the United States so as to create an imminent threat of future infringement of at least some of the Body Worlds Copyrights.

32.    Based on information and belief, Premier has imported or will attempt to import objects which infringe at least some of the Body Worlds Copyrights.

33.    Plastination has not implicitly or explicitly authorized or licensed Premier to reproduce, adapt, distribute copies, perform or display, create derivative works or use any of the other rights held by Plastination with respect to any of the Body Worlds Copyrights.

{619976:2}                                    Page 6

34.     By reason of Premier's infringement, threatened infringement, importation and/or future importation of the *Bodies Revealed* exhibition and the Premier Publications, Plastination has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in and to the Body Worlds Copyrights.

35.     Further irreparable harm to Plastination is imminent as a result of Premier's infringement, threatened infringement, importation and/or future importation of the *Bodies Revealed* exhibition and the Premier Publications, and Plastination is without adequate remedy at law so as to entitle Plastination to an injunction preventing the restraining Premier, it employees, its agents or others working in concert with or for the benefit of Premier from engaging in any future acts of infringement and/or importation.

36.     Premier's acts are willful.

37.     Although Plastination is unable to ascertain the full extent of the damages at this time, Plastination is further entitled to recover profits, gains, advantages, fees, costs and other compensation from Premier sustained by Plastination as a result of Premier's infringement in excess of $75,000, in addition to the other rights and remedies provided under the Copyright Act.  Plastination expressly reserves the right to amend this Counterclaim, as authorized by the Copyright Act, to seek statutory damages.

## COUNT II – LANHAM ACT CLAIMS:  TRADEMARK AND TRADE DRESS
## INFRINGEMENT

38.     Plastination restates and re-alleges paragraphs 1-37 as if fully rewritten herein.

39.     Plastination markets and sells to individuals and to entities the service of displaying the Body Worlds Exhibition and the Body Worlds Works, and markets and sells to individuals and entities the Body Worlds Publications (herein, collectively, "Body Worlds

Goods and Services") in association with certain trade dress and trademarks represented by the Body Worlds Exhibition, including the Body Worlds Works and more particularly the Signature Works (herein, collectively, the "Marks") throughout the world, including the United States.

40.     Upon information and belief, Premier has been marketing goods and services similar or identical to the Body Worlds Goods and Services (herein, "Premier's Goods and Services") in association with trade dress and trademarks which are identical or confusingly similar to the Marks (the "Infringing Marks").

41.     Plastination, through its predecessors in interest, first began using the Marks in association with the marketing and selling of the Goods and Services in 1996.

42.     Over the past eight years, Plastination and its affiliates have displayed the Marks at exhibitions in Europe, Asia and the United States.  Over fifteen million people have attended exhibitions incorporating the Body Worlds Works outside of the United States, and seven hundred thousand people have attended exhibitions incorporating Body Worlds Works within the United States, with possibly millions of additional prospective visitors anticipated within the United States in the near future.

43.     As a result of Plastination's use, the Marks have come to be associated with goods and services emanating from Plastination in the minds of consumers.

44.     Upon information and belief, Premier has been using the Infringing Marks to market and sell Premier's Goods and Services.

45.     Premier's use of the Infringing Marks to market and sell the Premier Goods and Services constitutes trade dress and trademark infringement with respect to the Marks.

Plastination held exclusive rights to the marks for use in association with Body Worlds Goods and Services.

46. The Marks are valid and legally enforceable.

47. Based on the international media attention and acclaim achieved by the Body Worlds Exhibit since its first display in 1996, the Marks have acquired distinctiveness in the minds of consumers and potential consumers of Body Worlds Goods and Services.

48. Premier's use of the Infringing Marks in association with the Premier Goods and Services is likely to cause confusion in the minds of the purchasing public concerning the origin, source, sponsorship, approval or association with respect to the Marks.

49. Use of the Infringing Marks by Premier dilutes the commercial value of the Marks under the Lanham Act

50. Premier's acts constitute trademark infringement under the Lanham Act.

51. Premier's acts are willful.

52. As a direct and proximate result of Premier's willful infringement, Plastination has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court. Premier's actions have damaged Plastination in an amount to be determined at trial.

## COUNT III – UNFAIR COMPETITION

53. Plastination restates and re-alleges paragraphs 1-52 as if fully rewritten herein.

54. Premier's acts, including but not limited to the infringements referenced in Counts I and II of this pleading, constitute unfair competition in violation of the common law of Ohio.

55. Notwithstanding the fact that Plastination, by way of its predecessors in interest to the Body Worlds Exhibition, was first to conceive of an exhibit like the Body Worlds Exhibition,

Premier has commenced a litigation strategy in the Court of Common Pleas for Cuyahoga County, directed personally against Plastination's President, Dr. von Hagens, in a manner calculated: (i) to prevent Plastination from displaying the Body Worlds Exhibit in Cleveland, Ohio, without legitimate support in the law therefor; (ii) to prevent Plastination from enjoying the exclusive Body Worlds Copyrights held by Plastination without legitimate support in the law therefor; and (iii) to otherwise eliminate any competition with Premier's *Bodies Revealed* exhibition and/or the Premier Publications by Plastination without legitimate support in the law therefor.

56.     Premier's use of the Infringing Marks constitute efforts to pass off Premier's Goods and Services as goods and services originating from Plastination.

57.     Premier's use of the Infringing Marks causes the likelihood of consumer confusion and misunderstanding as to the source, sponsorship, approval or association with respect to Plastination and the Marks.

58.     As a direct and proximate result of Premier's willful infringement and other acts, Plastination has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court. Premier's actions have damaged Plastination in an amount to be determined at trial.

### COUNT IV – OHIO DECEPTIVE TRADE PRACTICES ACT (ORC § 4165.02)

59.     Plastination incorporates the allegations contained in Paragraphs 1-58 above as if fully rewritten herein.

60.     Premier's use of the Infringing Marks constitutes a deceptive trade practice in violation of Ohio Revised Code § 4165.02.

61.     Premier's actions are willful.

62.     As a direct and proximate result of Premier's willful actions, Plastination has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court. Premier's actions have damaged Plastination in an amount to be determined at trial.

WHEREFORE, Plastination prays that this Court enter judgment against Premier as follows:

(1)     Permanent injunctive relief barring Premier from:

(a) marketing, selling, offering for sale, holding for sale, or promoting any goods or services in association with the Marks or any colorable variation thereof, including but not limited to the Infringing Marks;

(b) unfairly competing with Plastination in any manner whatsoever;

(c) otherwise infringing the Marks;

(d) copying, distributing, importing, displaying or creating any works or derivatives thereof which are substantially similar to Body Worlds' Copyrights;

(e) otherwise infringing Body Worlds' Copyrights in any other manner whatsoever.

(2)     That Premier be required to recall from all distribution channels all Premier Publications.

(3)     That Premier be directed to file with this Court and serve on Plastination within thirty (30) days after the service of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Premier has complied with the injunction.

(4)     That Premier be required to account to Plastination for any and all profits derived by Premier by reason of Premier's acts as complained of herein.

(5)     That Premier be ordered to pay over to Plastination all damages that Plastination has sustained as a consequence of the acts complained of herein, subject to proof at trial, and that Plastination be awarded Premier's profits derived by reason of said acts or as determined by said accounting.

(6)    That such damages and profits be trebled or otherwise increased or enhanced as the Court considers just, and that the same be awarded to Plastination.

(7)    That Plastination be awarded its costs, attorneys' fees, and expenses in this suit.

(8)    That Premier be required to deliver up for destruction labels, signs, prints, packages, labels, advertisements, products and/or other matter bearing the unauthorized reproduction or imitation of the Marks and all means for making such reproductions or imitations.

(9)    That Premier be required to deliver up for destruction all visual art works, publications, derivative works or other items which infringe the Body Worlds Copyrights.

(10)   That Plastination be awarded such other and further relief, at equity and at law, as the Court deems to be reasonable, necessary and just.

ANTHONY J. DiVENERE (0018711)
JAMES A. DIMITRIJEVS (0064113)
ROBERT C. BARAONA (0069914)
600 Superior Ave., E., Suite # 2100
Cleveland, OH 44114
(216) 348-5400 (phone)
(216) 348-5474 (facsimile)
adivenere@mcdonaldhopkins.com
jdimitrijevs@mcdonaldhopkins.com
rbaraona@mcdonaldhopkins.com

Attorneys for Plastination, Inc.

## JURY DEMAND

Plastination hereby demands a trial by jury on all issues herein which are or may be deemed so triable.

ANTHONY J. DIVENERE (0018711)
JAMES A. DIMITRIJEVS (0064113)
ROBERT C. BARAONA (0069914)
Attorneys for Plastination, Inc.