## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **PLASTINATION COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  1:05CV0594** |
| **v.** | ) | **Judge Boyko** |
| | ) | |
| **PREMIER EXHIBITIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### Answer, Affirmative Defenses and First Counterclaims

Defendant and Counterclaim Plaintiff Premier Exhibitions, Inc. ("Premier"), by counsel, hereby files and serves its Answer and Affirmative Defenses to the Complaint of Plaintiff and Counterclaim Defendant Plastination Company, Inc. ("Plastination") as well as its First Counterclaims.

### Answer

1.    Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and so denies same.

2.    Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and so denies same.

3.    Admit that this Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C.A. § 1332 but denies that this Court has any jurisdiction pursuant to 17 U.S.C.A. § 101, et seq. or 28 U.S.C.A. §1338.

4.      Admit that this Court has jurisdiction over the parties and subject matter pursuant to 28

U.S.C.A. § 1332 but denies that this Court has any jurisdiction pursuant to the Lanham

Act or 28 U.S.C.A. § 1338.

5.      Paragraph 5 of the Complaint calls for a legal conclusion, and Premier is not required to

answer same.  To the extent an answer may be required, Premier is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 5,

and so it denies same.

6.      Premier admits that Dr. Gunther von Hagens ("von Hagens") has been involved in

business activities relating to the preservation of human bodies and body parts through a

process that is sometimes described as plastination, and further that von Hagens has

claimed to be the owner of some now-expired U.S. patents, but Premier is otherwise

without knowledge and information sufficient to form a belief as to the truth of the

allegations in Paragraph 6 of the Complaint, and it therefore denies same.

7.      Premier admits that von Hagens has been involved in a process sometimes referred to as

plastination for some unknown period of time, and that he has used this process with

bodies and body parts, and further that he or persons or entities with which he is

associated have used the name BODY WORLDS WORKS in connection with displays of

such bodies and body parts.  Yet, Premier is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of Paragraph 7 of the

Complaint, and as such it denies same.

8.      Premier admits that body and body part specimens displayed by von Hagens and/or

persons or entities with which he is associated are positioned and displayed in

informative positions, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and so denies same.

9.      Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and so denies same.

10.     Premier specifically denies that the bodies comprising the Plaintiff's exhibits are copyrightable works subject to copyright protection under the Copyright Act; Premier is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint, and so denies same.

11.     Premier specifically denies that the plaintiff's collection of uncopyrightable bodies and body parts is copyrightable and subject to the Copyright Act;  Premier is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint, and so denies same.

12.     As the Plaintiff has not identified any particular works to which it refers, Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and so denies same.

13.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and so denies same.

14.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and so denies same.

15.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and so denies same.

16.     Premier admits that Body Worlds Exhibitions have taken place at various locations throughout the world, that one Body Works exhibition took place in the United States last

year, and that some print publications have been produced and distributed to some

unknown extent, but Premier is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint, and

so denies same.

17.     Premier denies the allegations of Paragraph 17 of the Complaint.

18.     Premier denies the allegations of Paragraph 18 of the Complaint.

19.     Premier denies the allegations of Paragraph 19 of the Complaint.

20.     Premier admits that it has created reproductions and images from its BODIES

REVEALED exhibition, and that the images collected in Exhibit C appear to be

reproductions of some such images.  Premier denies the remaining allegations of

Paragraph 20 of the Complaint.

21.      Premier admits that it conducted a BODIES REVEALED exhibition in Blackpool,

England, and denies the remaining allegations of Paragraph 21.

22.     Premier denies the allegations of Paragraph 22 of the Complaint.

23.     Premier denies the allegations of Paragraph 23 of the Complaint.

24.     Premier denies allegations in Paragraph 24 of the Complaint.

25.     Premier admits that it was in negotiations to conduct an exhibition at the Great Lakes

Science Center ("GLSC") in Cleveland, Ohio when von Hagens and/or persons or entities

affiliated with von Hagens tortiously interfered with Premier's efforts and otherwise

competed unfairly with Premier, as is described in greater detail in Premier's

counterclaims below.  Premier also admits that it had in the past offered its BODIES

REVEALED exhibit in the United States.  Premier denies that it is presently exhibiting

its BODIES REVEALED exhibit in the United States, and it denies the remainder of the allegations of Paragraph 25 of the Complaint.

26.     Premier denies the allegations of Paragraph 26 of the Complaint as phrased.

## COUNT I – COPYRIGHT INFRINGEMENT

27.     Premier re-states its answers to Paragraphs 1-26 as if fully stated herein.

28.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and so denies same.

29.     Premier denies the allegations of Paragraph 29 of the Complaint.

30.     Premier denies the allegations of Paragraph 30 of the Complaint.

31.     Premier denies the allegations of Paragraph 31 of the Complaint.

32.     Premier denies the allegations of Paragraph 32 of the Complaint.

33.     Premier admits that the Plaintiff has not authorized or licensed Premier to use any rights of Plastination with respect to any of the Body Worlds Copyrights, whatever they may be, but it denies it requires a license from Plaintiff and denies the remaining allegations of Paragraph 33.

34.     Premier denies the allegations of Paragraph 34 of the Complaint.

35.     Premier denies the allegations of Paragraph 35 of the Complaint.

36.     Premier denies the allegations of Paragraph 36 of the Complaint.

37.     Premier denies the allegations of Paragraph 37 of the Complaint.

## COUNT II – LANHAM ACT CLAIMS:  TRADEMARK AND TRADE DRESS INFRINGEMENT

38.     Premier re-states its answers to Paragraphs 1-37 as if stated fully herein.

39.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.     Premier denies the allegations of Paragraph 40 of the Complaint.

41.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and thus denies same.

42.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and thus denies same.

43.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and thus denies same.

44.     Premier denies the allegations of Paragraph 44 of the Complaint.

45.     Premier denies the allegations of Paragraph 45 of the Complaint.

46.     Paragraph 46 calls for a legal conclusion, and Premier is not required to answer same; to whatever extent an answer is required, Premier denies the allegations of Paragraph 46 of the Complaint.

47.     Premier is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and thus denies same.

48.     Premier denies the allegations of Paragraph 48 of the Complaint.

49.     Premier denies the allegations of Paragraph 49 of the Complaint.

50.     Premier denies the allegations of Paragraph 50 of the Complaint.

51.     Premier denies the allegations of Paragraph 51 of the Complaint.

52.     Premier denies the allegations of Paragraph 52 of the Complaint.

## COUNT III – UNFAIR COMPETITION

53.     Premier re-states its answers to Paragraphs 1-52 of the Complaint as if fully stated herein.

54.  Premier denies the allegations of Paragraph 54 of the Complaint.

55.  Premier admits that it has commenced an action in the Court of Common Pleas for Cuyahoga County naming von Hagens as the defendant; it is without knowledge or information sufficient to form a belief as to whether Plastination and its predecessors were first to conceive of an exhibit like the BODY WORLDS EXHIBITION, and so denies same; and it denies the remaining allegations of Paragraph 55 of the Complaint.

56.  Premier denies the allegations of Paragraph 56 of the Complaint.

57.  Premier denies the allegations of Paragraph 57 of the Complaint.

58.  Premier denies the allegations of Paragraph 58 of the Complaint.

## COUNT IV- OHIO DECEPTIVE TRADE PRACTICES ACT (ORC § 4165.02)

59.  Premier re-states its answers to Paragraphs 1-58 as if stated fully herein.

60.  Premier denies the allegations of Paragraph 60 of the Complaint.

61.  Premier denies the allegations of Paragraph 61 of the Complaint.

62.  Premier denies the allegations of Paragraph 62 of the Complaint.

## Affirmative Defenses

1.  To whatever extent the Plaintiff asserts its Second Count based on Section 32(1) or selected other provisions of the Lanham Act, the court lacks subject matter jurisdiction over the Second Count under the Lanham Act.

2.  To whatever extent the allegations of the last sentence of Paragraph 16 of the Complaint are not accurate, the Court lacks subject matter jurisdiction over the First Count under the Copyright Act of 1976.

3.     To whatever extent the Court lacks subject matter jurisdiction over the First and Second Counts of the Complaint, the Court also lacks subject matter jurisdiction over the Third and Fourth Counts.

4.     Plaintiff fails to state one or more claims for which relief can be granted.  In particular and without limitation, the Plaintiff has failed to identify with any specificity the works, marks and trade dress in which it claims rights; it has failed to allege that the marks and dress it claims to have been infringed are nonfunctional; and it has failed to specify the federal statutory provision(s) on which it seeks relief in its Second Count.

5.     Plaintiff's First Count is barred under Section 102(b) of the Copyright Act of 1976, as amended.

6.     Some or all of the specimens claimed by Plaintiff in support of its First Count, or components, elements or features of such specimens, are not copyrightable subject matter, and/or otherwise are not entitled to protection under the Copyright Act of 1976, as amended.

7.     On information and belief, some or all of the specimens or other works claimed by the Plaintiff in support of its First Count are in the public domain, whether pursuant to Section 405(a) of the Copyright Act of 1976, as amended, or otherwise.

8.     Plaintiff's First Count is barred by the doctrine of copyright fair use, as codified in Section 107 of the Copyright Act, as amended.

9.     Plaintiff's First Count is barred by the doctrine of merger.

10.    Plaintiff's trademark and trade dress related claims are barred by the doctrine of functionality, an issue on which the Plaintiff bears the burden of persuasion.

11.     Plaintiff's trademarks and trade dress as claimed herein are not inherently distinctive, have not acquired distinctiveness or secondary meaning, and thus are not protectable, issues on which the Plaintiff bears the burden of persuasion.

12.     Plaintiff's Second, Third and Fourth Counts are barred by the doctrine of trademark fair use, as recognized at common law and under Section 33(b)(4) of the Lanham Act.

13.     To the extent founded in copyright, Plaintiff's claims are barred by the doctrine of copyright misuse.

14.     To the extent founded in trademark and trade dress rights, Plaintiff's claims are barred by the doctrine of trademark misuse.

15.     Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

16.     Plaintiff has abandoned whatever rights it may ever have had in any trademarks, service marks, or trade dress it claims to have been violated.

17.     Plaintiff's claims are barred by the doctrine of unclean hands.

18.     Upon information and belief, Plaintiff lacks standing on one or more of its claims.

19.     Given the generalities of Plaintiff's claims, one or more of Plaintiff's claims are barred by the statute of limitations.

20.     Defendant reserves the right to assert additional defenses as discovery progresses.


## Counterclaims

## General Factual Background

1.     Among other things, Premier displays exhibits involving human bodies and body parts.

2.     Premier entered into negotiations with the Great Lakes Science Center ("GLSC"), for the display of Premier's Bodies Revealed exhibit.

3.  After Premier had commenced negotiations with the GLSC, Plaintiff and/or its principals, agents, representatives or affiliates (collectively "Plastination") contacted, negotiated with, and subsequently entered an agreement with the GLSC to display its plastination exhibit at the GLSC.

4.  Premier had already developed a business relationship with GLSC.  Premier previously exhibited RMS Titanic relics at GLSC, and its exhibition there was greatly successful.

5.  Premier receives bodies complete with documentation authenticating the acquisition of these bodies from a facility in China.

6.  Plastination currently owns a plastination facility in China and has used, at some point, plastinated bodies from this facility in its exhibits.

7.  Prior to the events precipitating this suit, the Cleveland Clinic was in discussions with Premier to utilize Premier's products at the Cleveland Clinic.

## Counterclaim I
### (Intentional Interference With Business Relations)

8.  Premier restates and re-alleges each of the previous paragraphs as if fully rewritten herein.

9.  In August 2004, two representatives from the GLSC traveled to England to discuss its interest in presenting Premier's Bodies Revealed exhibit.

10.  The GLSC and Premier entered negotiations, exchanging numerous drafts of a letter of intent regarding this potential exhibit.

11.  At the same time, Plastination was negotiating with the Cleveland HealthSpace for the display of the Body Worlds and/or Body Worlds II.

12.  Plastination learned of Premier's potential competitive business relationship with the GLSC.

13.     Plastination subsequently terminated its negotiations with the Cleveland HealthSpace and

contacted the GLSC.

14.     In its communications with the GLSC, Plastination, without privilege to do so,

intentionally disparaged Premier by questioning the legitimacy of Premier's acquisitions

of bodies, even though Plastination knew that Premier had documents authenticating

Premier's acquisition of bodies.

15.     Plastination also threatened to open up another exhibit near the GLSC if the GLSC

entered into an agreement with Premier.

16.     Plastination's actions were performed with the intent to cause the GLSC to terminate its

negotiations with Premier.

17.     As a result of Plastination's intentional interference with Premier's business relationship

with the GLSC, the GLSC terminated negotiations with Premier and entered into an

agreement with Plastination to display its exhibit.  The Body Worlds II exhibit will open

at the GLSC on April 9, 2005 and run through September 18, 2005.

18.     As a further result of Plastination's intentional interference, the Cleveland Clinic

terminated its potential business relationship with Premier.

19.     Plastination's intentional interference caused Premier to incur damages in an amount in

excess of $75,000, the exact amount to be proven at trial.

<u>**Counterclaim II**</u>
**(Intentional Interference with Prospective Economic Advantage)**

20.     Premier restates and re-alleges each of the previous paragraphs as if fully rewritten

herein.

21.     Premier possessed a valid expectation of receiving a prospective economic advantage as a

result of its continued efforts and negotiations with the GLSC.

22.   After learning of Premiers' potential competitive business relationship with the GLSC, Plastination, without privilege to do so, intentionally interfered with Premier's prospective economic advantage by questioning the legitimacy of Premier's acquisition of bodies, even though it knew Premier possessed documentation authenticating Premier's bodies, and by threatening to open an exhibit near the GLSC if the GLSC entered into an agreement with Premier.

23.   Plastination's actions were performed with the intent to cause the GLSC to terminate its negotiations with Premier.

24.   As a result of Plastination's intentional interference with Premier's prospective economic advantage, the GLSC terminated negotiations with Premier and entered into an agreement with Plastination.

25.   As a further result of Plastination's intentional interference, the Cleveland Clinic terminated its potential business relationship with Premier.

26.   Plastination's conduct caused Premier to incur damages in an amount in excess of $75,000, the exact amount to be proven at trial.

<div align="center">

**Counterclaim III**
**(Unfair Competition)**

</div>

27.   Premier restates and re-alleges each of the previous paragraphs as if fully rewritten herein.

28.   Plastination circulated false rumors regarding Premier's acquisition of bodies even though Plastination knew Premier possessed documentation authenticating Premier's acquisition of bodies.

29.   Plastination's actions were performed with the intent to cause the GLSC to terminate its negotiations with Premier.

30.   As a result of Plastination's unfair competition, the GLSC terminated negotiations with Premier and entered into an agreement with Plastination.

31.   As a further result of Plastination's unfair competition, the Cleveland Clinic terminated its potential business relationship with Premier.

32.   Plastination's conduct caused Premier to incur damages in an amount in excess of $75,000, the exact amount to be proven at trial.

<div align="center">

**Counterclaim IV**
**(Deceptive Trade Practices)**

</div>

33.   Premier restates and re-alleges each of the previous paragraphs as if fully rewritten herein.

34.   In the course of its communications with the GLSC, Plastination disparaged Premier's business by falsely questioning Premier's acquisition of bodies, even though Plastination knew that Premier possessed documentation authenticating Premier's bodies.

35.   Plastination's conduct constitutes a deceptive trade practice pursuant to Ohio Rev. Code § 4165.02(A)(10).

36.   Plastination's actions were performed with the intent to cause the GLSC to terminate its negotiations with Premier.

37.   As a result of Plastination's deceptive trade practices, the GLSC terminated its negotiations with Premier and entered into an agreement with Plastination.

38.   As a further result of Plastination's deceptive trade practices, the Cleveland Clinic terminated its potential business relationship with Premier.

39.   Plastination's conduct caused Premier to incur damages in an amount in excess of $75,000, the exact amount to be proven at trial.

WHEREFORE, the Defendant Premier prays for dismissal of Plastination's complaint and for judgment to be entered in Premier's favor on its counterclaims.  It further submits that this is an extraordinary case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and prays that, pursuant to such Section as well as Section 505 of the Copyright Act of 1976, as amended, 17 U.S.C. § 505, the Court order Plastination to pay its costs and attorneys' fees.  Premier prays for judgment on its counterclaims as follows:

(a)     on Counterclaim I, for compensatory damages in an amount in excess of $75,000 and for punitive damages in an amount in excess of $75,000;

(b)     on Counterclaim II, for compensatory damages in an amount in excess of $75,000 and for punitive damages in an amount in excess of $75,000;

(c)     on Counterclaim III, for compensatory damages in an amount in excess of $75,000 and for punitive damages in an amount in excess of $75,000;

(d)     on Counterclaim IV, for compensatory damages in an amount in excess of $75,000 and for punitive damages in an amount in excess of $75,000;

(e)     for attorney fees;

(f)     for the costs of this litigation; and

(g)     for such other relief as may be just and proper.

Respectfully submitted,

s/ Todd M. Jackett
Nicholas D. Satullo (#0017364)
Andrew A. Kabat (#0063720
Todd M. Jackett (#0076650)
**Reminger & Reminger Co, L.P.A.**
1400 Midland Building
101 Prospect Avenue
Cleveland, Ohio 44115-1093
(216) 430-2125
(216) 430-2291 (Facsimile)

14

email:  nsatullo@reminger.com
   akabat@reminger.com
   tjackett@reminger.com

Stephen E. Noona (VSB #25367)
Christopher J. Mugel (VSB #26073)
Kristan B. Burch (VSB #42640)
**Kaufman & Canoles, PC**
150 West Main Street
Post Office Box 3037
Norfolk, Virginia 23514-3037
(757) 624-3000
(757) 624-3169 (Facsimile)
email:  senoona@kaufcan.com
   cjmugel@kaufcan.com
   kbburch@kaufcan.com

*Attorneys for Defendant Premier Exhibitions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2005, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

<div style="margin-left: 40%;">

s/ Todd M. Jackett
Nicholas D. Satullo (#0017364)
Andrew A. Kabat (#0063720
Todd M. Jackett (#0076650)
**Reminger & Reminger Co, L.P.A.**
1400 Midland Building
101 Prospect Avenue
Cleveland, Ohio 44115-1093
(216) 430-2125
(216) 430-2291 (Facsimile)
email:  nsatullo@reminger.com
        akabat@reminger.com
        tjackett@reminger.com

Stephen E. Noona (VSB #25367)
Christopher J. Mugel (VSB #26073)
Kristan B. Burch (VSB #42640)
**Kaufman & Canoles, PC**
150 West Main Street
Post Office Box 3037
Norfolk, Virginia 23514-3037
(757) 624-3000
(757) 624-3169 (Facsimile)
email:  senoona@kaufcan.com
        cjmugel@kaufcan.com
        kbburch@kaufcan.com

*Attorneys for Defendant Premier Exhibitions, Inc.*

</div>